# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 25-1452V

CHARLES TERRIO, III,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Chief Special Master Corcoran

Filed: June 16, 2026

*Catherine Wallace Costigan, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.*

*Benjamin Patrick Warder, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On August 29, 2025, Charles Terrio, III filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from a tetanus diphtheria acellular pertussis ("Tdap") vaccine received on July 1, 2024. Petition at 1-9. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 12, 2026, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On June 16, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $96,846.53. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

*Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $96,846.53 (comprised of $95,000.00 for pain and suffering and $1,846.53 for past unreimbursable expenses), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

CHARLES TERRIO III,

      Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

      Respondent.

No. 25-1452V **(ECF)**
Chief Special Master Corcoran

**PROFFER ON AWARD OF COMPENSATION**[1]

On August 29, 2025, Charles Terrio III ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act"), alleging that he suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of a tetanus, diphtheria, and acellular pertussis vaccine that he received on July 1, 2024. ECF No. 1 at 1, 8. On May 11, 2026, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) report indicating that this case was appropriate for compensation under the terms of the Vaccine Act for a SIRVA Table Injury. ECF No. 26. On May 12, 2026, Chief Special Master Corcoran issued a Ruling on Entitlement finding that petitioner was entitled to compensation. ECF No. 27.

I.      **Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following:

---

[1] This proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

A.      Pain and Suffering

Respondent proffers that petitioner should be awarded **$95,000.00** for pain and suffering.

*See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B.      Past Unreimbursable Expenses

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses

pertaining to his vaccine-related injury.  Respondent proffers that petitioner should be awarded

past unreimbursable expenses in the amount of **$1,846.53**.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).

Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled

under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.    **Form of the Award**

The parties recommend that the compensation provided to petitioner should be made

through a lump sum payment as described below and request that the Chief Special Master's

decision and the Court's judgment award the following:[2]

> A lump sum payment of **$96,846.53**, to be paid through an ACH deposit to petitioner's
> counsel's IOLTA account for prompt disbursement to petitioner, Charles Terrio III.

> Petitioner is a competent adult.  Proof of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

---

[2]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court
for appropriate relief.  In particular, respondent would oppose any award for future lost earnings
and future pain and suffering.

2

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

JAMES V. LOPEZ
Assistant Director
Torts Branch, Civil Division

/s/ *Benjamin P. Warder*
BENJAMIN P. WARDER
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, DC 20044-0146
(202) 532-5464
DATE:  June 16, 2026                          Benjamin.P.Warder@usdoj.gov

3

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

CHARLES TERRIO III,

     Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

     Respondent.

No. 25-1452V **(ECF)**
Chief Special Master Corcoran

**CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2026, the foregoing **PROFFER ON AWARD OF COMPENSATION** was served via email upon petitioner.

/s/ *Benjamin P. Warder*
BENJAMIN P. WARDER
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 532-5464
Benjamin.P.Warder@usdoj.gov

4